| | |
|---|---|
| KLESTADT & WINTERS, LLP | Hearing Date: August 7, 2014 |
| Tracy L. Klestadt | Hearing Time: 3:00 pm |
| Brendan M. Scott | |
| 570 Seventh Avenue, 17th Floor | |
| New York, New York 10018 | |
| Tel: (212) 972-3000 | |
| Fax: (212) 972-2245 | |

*Attorneys for 37 Avenue Realty Associates LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

GOLDEN LAND LLC,

Debtor.

Chapter 11

Case No. 1-14-42315-(nhl)

**MOTION FOR AN ORDER PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 3003(c)(3),
FIXING A DEADLINE AND ESTABLISHING PROCEDURES
FOR FILING PROOFS OF CLAIM AND APPROVING THE
FORM AND MANNER OF SERVICE THEREOF**

**TO: THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

Lawrence Litwack, the receiver in possession of the real property of debtor, Golden Land LLC ("Golden Land" or "Debtor"), pursuant to order of this Court ("Receiver"), and secured creditor 37 Avenue Realty Associates LLC ("37 Avenue Realty"), by its undersigned counsel, hereby jointly file this motion (the "Motion") seeking the entry of an order (i) establishing final dates by which the holders of claims against and interests in Debtor must file proofs of claim ("Bar Date"), and (ii) approving the proposed claim form and manner of service of the notice of Bar Date for all claims ("Bar Notice"), a copy of which is attached hereto as Exhibit A, sets forth and alleges as follows:

## SUMMARY OF RELEVANT FACTUAL
## AND PROCEDURAL HISTORY

1. This is a single asset real estate case, where the Receiver, appointed in connection with a certain mortgage foreclosure action heretofore commenced in the Supreme Court of the State of New York, County of Queens (the "Foreclosure Action"), has been in possession of the subject premises (commercial investment property, consisting of four commercial condominium units, twenty-nine parking spaces, and eleven residential condominium units contained in the building known as the American-Chinese Tower Condominium and located at 142-21/27 37th Avenue, Queens, New York) (the "Premises"), effectively operating and maintaining the same on behalf of the secured creditor and mortgagor, 37 Avenue Realty, continuously for one year prior to the commencement of this case (the "Receivership"). 37 Avenue Realty is the plaintiff in the Foreclosure Action, and the overwhelmingly largest creditor of Debtor.

2. On May 8, 2014 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"). This case was commenced as a last ditch effort to stay the sale of the mortgaged Premises pursuant to a previously entered judgment of foreclosure and sale entered in the Foreclosure Action. The Premises would have been sold at public auction on May 9, 2014, had the Petition not been filed on May 8, 2014.

3. On July 9, 2014, upon motion of 37 Avenue Realty, the Court entered an order [ECF Docket no. 17] pursuant to 11 U.S.C. § 543(d)(1) excusing the Receiver from compliance with the turnover requirements of subsections (a), (b) and (c) of 11 U.S.C. § 543 and directed that the Receiver remain in possession and control of the Premises

pending further order of the Court. The Court also enlarged the scope of the receivership to be for the benefit of all of Debtor's creditors.

## ARGUMENT

### Relief requested

4. By this Motion, movants seek entry of an order ("Bar Date Order"), substantially in the form attached hereto as Exhibit 1, pursuant to section 501 of the Bankruptcy Code, establishing bar dates for filing proofs of claim and equity interests and approving the proposed form and manner of notice thereof.

5. The Debtor has identified just three creditors in its filed mailing matrix -- the NYC Department of Finance, American Chinese Condominium ("American Chinese'), and 37 Avenue Realty. The Receiver will be filing schedules of assets and liabilities and a statement of financial affairs on behalf of the Debtor. Certain taxing authorities have filed proofs of claim, and the Receiver and his management company have been added to the schedules. Based upon his experience operating the premises over the past year, the Receiver does not believe that there will be additional creditor claims filed against Debtor's estate.

### Basis for Relief

6. Pursuant to Federal Rule of Bankruptcy Procedure 3003(c), the Court is required to fix the time within which proofs of claim or equity interests in Chapter 11 cases may be filed against the Debtor. Movants submit that fixing 11:59 p.m. (prevailing Eastern Time) on September 30, 2014, as the Bar Date for creditors, other than government entities, will provide adequate time for claimants to file their claims and will promote an expeditious resolution of the Debtor's case. Movant's further request that the

Bar Date specifically apply to claims that may be asserted as priority claims and entitled to payment as an administrative expense under section 503(b)(9) of the Bankruptcy Code.

7. While movants are aware of no unexpired leases or contracts to be rejected, movants respectfully request an order pursuant to Bankruptcy Rule 3003(c)(3) fixing the later of (i) the Bar Date and (ii) thirty (30) days following the entry of an order authorizing rejection of an executory contract or unexpired lease as the final date and time ("Rejection Claim Bar Date") by which a creditor whose claim first arises from the rejection of the contract or lease to file a proof of claim.

8. Movants respectfully request entry of an order pursuant to Bankruptcy Rule 3003(c)(3) fixing 11:59 p.m. (prevailing Eastern Time) on March 31, 2015, as the final date and time by which governmental entities must file a proof of claim ("Governmental Bar Date"). The Bar Date, Rejection Claim Bar Date, and Governmental Bar Date are collectively referred to herein as the "Bar Dates."

9. The Receiver and 37 Avenue Realty also request that the Court approve the proposed form and manner of service of the Bar Notice, a copy of which is attached to the proposed Bar Date Order, annexed to this motion as "Exhibit A".

10. Based on the notice procedures set forth below, movants believe that the proposed Bar Dates will give all creditors ample opportunity to prepare and timely file proofs of claim or equity interests.

**Procedure for Filing the Proofs of Claim**

11. Except as to persons or entities described in paragraph 12 of this Motion, the Receiver proposes that each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit)

that asserts a claim or equity interest, as those terms are defined in section 101(5) and 101(16) of the Bankruptcy Code, including claims entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code, against Debtor arising before the Petition Date or is deemed to arise prior to the Petition Date pursuant to section 501(d) of the Bankruptcy Code, must file with the Court electronically or by delivery of an original, written proof of claim or equity interest that substantially conforms to Official Form No. 10 ("Proof of Claim Form") so as to be actually received by mail, courier or in-hand delivery on or before the applicable Bar Date by the Clerk of the Court.  Proofs of claims or equity interests sent by facsimile or electronic mail will not be accepted. The Receiver requests that the Court order that all such proofs of claims be deemed timely filed only if **actually received** by the Clerk of the Court on or before 11:59 p.m. (prevailing Eastern Time) on the applicable Bar Date the following addresses or via the Court's CM/ECF system:

Clerk of the Court
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein U.S. Bankruptcy Courthouse
271-C Cadman Plaza East
Suite 1595
Brooklyn, NY 11201-1800


12. Movants propose that the following persons or entities are not required to file a proof of claim or equity interest before the applicable Bar Date:

a. Any person or entity that has already properly filed with the Clerk
a proof of claim or equity interest against the Debtor utilizing a claim
form substantially in conformity with the Proof of Claim Form;

b. Any person or entity (i) whose claim or equity interest is listed on
the Debtor's schedules of assets and liabilities ("Schedules") or any

amendments thereto; (ii) whose claim or equity interest is not listed as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount, classification or nature of the claim or equity interest for such person or entity as set forth in the Schedules or any amendments thereto;

c. Any person or entity that holds a claim or equity interest that has been allowed by an order of this Court entered on or before the applicable Bar Date;

d. Persons or entities whose claims or equity interests have been paid in full by the Debtor prior to the applicable Bar Date; and

e. Persons or entities who waived their claims or equity interests pursuant to stipulations or orders of the Court.

13. Pursuant to Bankruptcy Rule 3003(c)(2), the Movants propose that any holder of a claim or equity interest against the Debtor, including holders of claims entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code, who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim or equity interest against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim or equity interest, and such holder shall not be permitted to vote on any plan of reorganization or participate in any distribution in the Chapter 11 case on account of such claim or equity interest or to receive further notices regarding such claim or equity interest.

**Notice of the Bar Date**

14. Pursuant to Bankruptcy Rule 2002(a)(7), the Receiver proposes to mail a

Bar Date Notice on behalf of the Debtor, substantially in the form as the notice attached to the proposed Bar Date Order (Exhibit A) together with a Proof of Claim Form to:

a. All parties listed on Debtor's master creditor list, which includes all known holders of claims and interests and their counsel (if known);

b. All state and local taxing authorities for the jurisdictions in which Debtor conducts or previously conducted business;

c. Parties to any litigation that was pending as of the Petition Date and any party that has filed a motion to lift the automatic stay;

d. All persons and entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of the Bar Date Order;

e. The Office of the United States Trustee for Region 10; and

f. The Internal Revenue Service.

The Receiver also proposes to publish notice in a newspaper of general circulation in Queens, New York.

15. The Receiver, however, requests that he not be required to mail a Bar Date Notice to any creditor or entity where prior mailings have been returned to the Debtor as non-deliverable with no forwarding or alternate address.

16. The Bar Date Notice will (i) advise creditors whether they must file a proof of claim under Bankruptcy Rules 3002(a) and 3003(c)(2); (ii) alert such creditors to the consequences of failing to timely file a proof of claim as set forth in Bankruptcy Rule 3003(c)(2); (iii) specify the form to be used in filing a proof of claim; (iv) set forth the Bar Dates and advise creditors that their proof of claim must be **actually received** by the applicable Bar Date; (v) set forth the address to which proofs of claim must be sent for filing; (vi) notify such creditors that proofs of claim must be filed either electronically or with original signatures and not by facsimile or electronic mail; and (vii) notify creditors

that they must file on a single proof of claim all claims that they may have against the Debtor.

16. Movants submit, therefore, that the Bar Date Notice will provide creditors with sufficient information to timely file a properly prepared and executed proof of claim and requests that the proposed procedures regarding the Bar Date Notice be deemed good, adequate and sufficient publication notice.

17. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor or a waiver of the Debtor's rights to dispute any claim. Further, the filing of a proof of claim, including claims entitled to administrative expense priority, does not and shall not create an immediate right to payment.

[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

WHEREFORE, the Receiver and 37 Avenue Realty respectfully request that the Court enter the Bar Date Order granting the relief requested herein, together with such other and further relief as is just and proper.

Dated: New York, New York
       July 18, 2014

    KLESTADT & WINTERS, LLP

    By:   /s/ Tracy L. Klestadt
        Tracy L. Klestadt
        Brendan M. Scott
    570 Seventh Avenue, 17th Floor
    New York, New York 10018
    Tel: (212) 972-3000
    Fax: (212) 972-2245

    *Attorneys for 37 Avenue Realty Associates LLC*

    /s/ Lawrence Litwack
    Lawrence Litwack, Receiver in possession
    4240 Bell Boulevard
    Bayside, New York 11361
    (718) 428-4806