UNITED STATES BANKRUPTCY COURT     Hearing Date: September 10, 2014
EASTERN DISTRICT OF NEW YORK     Hearing Time: 10:30 a.m.
----------------------------------------------------------x

In re:

                                                                Chapter 11

GOLDEN LAND LLC,

                                                                Case No. 14-42315(NHL)

                           Debtor.

----------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNITED STATES TRUSTEE TO CONVERT THIS
THIS CHAPTER 11 CASE TO CHAPTER 7 OR, IN THE
<u>ALTERNATIVE, TO DISMISS CASE</u>

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
201 Varick Street, Suite 1006
New York, New York
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

Marylou Martin, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), converting the chapter 11 case of Golden Land LLC. (the "Debtor") to chapter 7 or, in the alternative, dismissing the case. In support of the Motion, the United States Trustee represents and alleges as follows:

# I.
# INTRODUCTION

This case should be converted to chapter 7 under 11 U.S.C. § 1112(b) because the Debtor has failed to comply with its obligations under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the local rules of this Court. The Debtor failed to appear for the initial debtor interview with the United States Trustee or attend the meeting of creditors. To date, the Debtor has not filed Schedules, a Statement of Financial Affairs, a corporate resolution, a Rule 1007 affidavit and May and June 2014 operating reports. The Debtor has also failed to provide the United States Trustee with proof that it has insurance in place or that it opened a debtor-in-possession bank account. The Debtor's failure to attend the meeting of creditors, provide documents to the United States Trustee, file Schedules, statements and monthly operating reports and maintain insurance constitute cause to convert or dismiss the case under Sections 1112(b)(4)(C), (F), (G) and (H).

In an effort to allow this case to continue without the involvement of current management, 37 Avenue Realty Associates LLC ("37 Avenue Realty"), the major secured creditor in this case and Lawrence Litwack, Esq. the state court receiver (the "Receiver"), have undertaken to act on behalf of the Debtor by preparing, signing and filing bankruptcy Schedules, the Statement of Financial Affairs, a motion seeking a bar date and, as co-proponents with 37 Avenue Realty, a Plan and Disclosure Statement. These actions, however,

are an attempt to circumvent Section 1104(a) of the Bankruptcy Code by allowing a non-fiduciary to act on behalf of the Debtor in this case. There is no statutory basis to allow the case to proceed without a true fiduciary who has duties to creditors and the estate. The Receiver is not a fiduciary of the Debtor or the estate and is not authorized by the Bankruptcy Code to act on behalf of the Debtor in this case. The Receiver is not a member or authorized representative of the Debtor. Congress has established only one remedy that can supplant management while allowing the case to remain in chapter 11, which is the appointment of a trustee pursuant to 11 U.S.C. § 1104(a). In the event the Court determines that cause exists to convert the case to chapter 7 or to dismiss the case, it has the authority, under 11 U.S.C. § 1112(b)(1), to direct the appointment of a chapter 11 trustee if it finds that the appointment of a trustee pursuant to 11 U.S.C. § 1104(a) is in the best interests of creditors and the estate. While a chapter 11 trustee or chapter 7 trustee appointed in this case would be authorized to act in place of the Debtor's management as a fiduciary of the estate, neither the Receiver nor 37 Avenue Realty have the authority to act on the Debtor's behalf.

## II.
## STATEMENT OF FACTS

1.  On May 8, 2014 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition (the "Petition") seeking relief under chapter 11 of the Bankruptcy Code. ECF No. 1.

2.  The United States Trustee has not appointed a trustee or examiner in this case. See the Declaration of Marylou Martin (the "Martin Decl."), ¶ 2.

3.  By Order dated July 19, 2014, the Court authorized Lawrence Litwack, Esq. (the "Receiver"), appointed in connection with a mortgage foreclosure action pending in the Supreme Court of the State of New of the Debtor's property located at 142-21/27 37th Avenue, Queens,

NY (the "Property") to remain in possession and control of the Property. See ECF No. 17. The Debtor remains in possession and control of its business and other assets. Martin Decl., ¶ 3.

4. The United States Trustee was unable to form a committee of unsecured creditors. See Martin Decl. ¶ 4.

**Assets and Liabilities**

5. The Debtor filed a skeletal petition on the Filing Date. The petition indicates that the Debtor's case is not a single asset real estate case. See ECF No. 1.

**Deficiencies in Debtor's Case**

6. Among other things, the Debtor has failed to file Schedules, a Statement of Financial Affairs, a Local Rule 1007 affidavit, a corporate resolution required by LBR 1074-1(a) and a Corporate Ownership Statement. See Martin Decl., ¶ 6.

7. The Debtor has failed to provide the United States Trustee with proof of insurance or the opening of a debtor-in-possession bank account. See Martin Decl., ¶ 7.

8. As of this date, the Debtor has failed to file the monthly operating reports for May and June 2014. See Martin Decl., ¶ 8.

9. On May 15, 2014, the United States Trustee sent the Debtor a letter (the "May 15th Letter") notifying the Debtor of its obligation to attend an Initial Debtor Interview ("IDI") scheduled by the United States Trustee, in accordance with section 1116(2) of the Bankruptcy Code, for June 11, 2014 at 9:30 am. (the "Initial Debtor Interview"). See Martin Decl., ¶ 9.

10. The Debtor failed to appear at the Initial Debtor Interview. See Martin Decl., ¶ 10.

11. The meeting of creditors pursuant to section 341 of the Bankruptcy Code was scheduled for June 16, 2014. See Martin Decl., ¶ 11. The Debtor failed to appear for the

Section 341 meeting of creditors.  Id.

**Motion Seeking to Keep Receiver in Possession and Control of Property**

12. On May 29, 2014, 37 Avenue Realty, which appears to be the holder of the mortgage foreclosure judgment against the Property in the approximate amount of $13 million, filed a motion under 11 U.S.C. § 543(d)(1) seeking an order excusing the Receiver's compliance with the turnover requirements of subsections (a), (b), or (c) of 11 U.S.C. § 543 and permitting the Receiver to remain in possession and control of the Property.  See ECF No. 14.

13. By Order dated July 19, 2014, the Court authorized the Receiver to remain in possession and control of the Property.  See ECF No. 17.

**Schedules, Statement of Financial Affairs and Signed by Receiver
and Filed by 37 Avenue Realty; Motion to Fix Bar Date By Receiver
and 37 Avenue Realty**

14. On July 21, 2014, 37 Avenue Realty filed Schedules and a Statement of Financial Affairs executed by the Receiver.  See ECF Nos. 20 and 21.

15. On July 21, 2014, the Receiver and 37 Avenue Realty filed a motion seeking an order fixing a deadline and establishing procedures for filing proofs of claim.  See ECF No. 22.

**Plan and Disclosure Statement Proposed by the Receiver and 37 Avenue Realty**

15. On July 21, 2014, 37 Avenue Realty filed a motion seeking to limit the Debtor's period of exclusivity to file a plan, and attached a proposed Disclosure Statement and Plan.  See ECF No. 23, Exhibits A and B.

16. The Plan and Disclosure Statement list the Receiver and 37 Avenue Realty and plan proponents.  Both the Plan and Disclosure Statement are signed by the Receiver.  Id.

# III.
# ARGUMENT

**A.     There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

> (C)     failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> ∗∗∗
>
> (F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (G)     failure to attend the meeting of creditors convened under section 341(a); [and]
>
> (H)     failure timely to provide information or attend meetings reasonably requested by the United States trustee;

11 U.S.C. § 1112(b)(4).

The list of factors is non exclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide

discretion to determine if cause exists and how to ultimately adjudicate the case. <u>1031 Tax Group,</u> 374 B.R. at 93; <u>cf.</u> <u>In re C-TC 9th Ave. P'ship,</u> 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or <u>sua sponte</u> upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b). [1]

### 1.     The Debtor Has Failed to Provide Proof of Insurance.

The failure to maintain appropriate insurance constitutes cause for the dismissal of the Debtor's case. 11 U.S.C. § 1112(b)(4)(C); <u>Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC),</u> 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was one factor supporting court's decision to convert case to chapter 7); <u>In re Daniels,</u> 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance was cause to convert case to chapter 7).

In the landmark case of <u>Reading Co. v. Brown,</u> 391 U.S. 471, 783-484, 88 S.Ct. 1759, 1766 (1968), the United States Supreme Court held that post-petition tort claims are entitled to administrative priority. Courts in the Second Circuit have held that <u>Reading Co. v. Brown</u> remains viable under sections 503 and 507 of the Bankruptcy Code. In <u>In re Enron,</u> 2003 WL 1562201, (Bankr. S.D.N.Y. March 17, 2003), the Bankruptcy Court considered whether a claim based on a post-petition conversion of a commodity is entitled to administrative expense priority. The Bankruptcy Court adopted the holding of <u>Reading Co. v. Brown</u> and held that, "claims based on tort resulting from the post-petition operation of a debtor's business are entitled to payment prior to payment of those creditors who were meant to benefit from the

---

[1] As alternative relief, under 11 U.S.C. § 1112(b)(1), the court may direct the appointment of a chapter 11 trustee if grounds exist to convert or dismiss, but the Court finds that the appointment of a trustee pursuant to 11 U.S.C. § 1104(a) is in the best interests of creditors and the estate.

business's continued operation." Id. at *8.

The Debtor has failed to provide the United States Trustee with proof of insurance. See Martin Decl., ¶ 7. Therefore, there is cause to dismiss the Debtor's case under Section 1112(b)(4)(C).

### 2. The Debtor Has Failed Provide Proof that It Opened a Debtor-In-Possession Bank Account.

Section 345 of the Bankruptcy Code requires that a debtor deposit its money in a bonded bank account. 11 U.S.C. § 345. The Debtor's failure to comply with Section 345 constitutes cause for the dismissal of the case. See e.g. In re Columbia Gas Sys. Inc., 33 F.3d 294 (3d Cir.1994) (requirement of section 345 is mandatory).

Notwithstanding the United States Trustee's request, the Debtor has failed to produce documents to the United States Trustee indicating that it has opened a debtor-in-possession bank account. See Martin Decl., ¶ 7. Therefore, there is cause to dismiss the Debtor's case under Section 1112(b)(4)(H).

### 3. The Debtor Has Failed to File Monthly Operating Reports.

Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating reports for each and every month that the Debtor is in chapter 11. See E.D.N.Y. LBR 2015-1. The reports must be filed no later than the twentieth day of the following month. Id. The Debtor's failure to file a monthly operating report demonstrates a disregard for its responsibilities as a debtor-in-possession. See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure to the Court and creditors). The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial

affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal).

As of this date, the Debtor has failed to file the monthly operating reports May and June 2014. See Martin Decl., ¶ 8. The Debtor's failure to file monthly operating reports has deprived the Court, the United States Trustee and the creditors of the ability to adequately monitor this case. The Debtor's unexcused failure to file timely operating reports constitutes cause for the dismissal or conversion of the Debtor's case. See 11 U.S.C. § 1112(b)(4)(F).

### 4. The Debtor Failed to File Schedules, the Statement of Financial Affairs, a Rule 1007 Affidavit and a Corporate Resolution.

Pursuant to Section 521 of the Bankruptcy Code, the Debtor is required to file, among other things, bankruptcy Schedules and a Statement of Financial Affairs. See 11 U.S.C. ¶ 521. In addition, pursuant to Local Bankruptcy Rule 1007-4, within 14 days of the Filing Date, the Debtor is required to file an affidavit setting forth the nature of the its business, circumstances leading to filing, summary of assets and liabilities, names of the Debtor's existing management and 30 day budget of income and expenses. See LBR 1007-4. LBR 1074-1 further requires that a voluntary petition filed by a limited liability company be accompanied by an affidavit by the managing member, or by at least one member if there is no managing member, authorizing the filing of the bankruptcy case. See LBR 1074-1. Here, the Debtor has failed to file bankruptcy Schedules, a Statement of Financial Affairs, a Rule 1007 affidavit and an affidavit from the managing member authorizing the filing of this case. See Martin Decl., ¶ 6. The

Debtor's failure to file these required documents is cause to convert or dismiss this case 11 U.S.C. § 1112(b)(4)(F).  See 11 U.S.C. § 1112(b)(4)(F).

### 5. The Debtor Failed to Attend the IDI and the Meeting of Creditors.

Section 343 of the Bankruptcy Code requires the Debtor to appear and to be examined at the 341 meeting.  11 U.S.C. § 343.  The Section 341 meeting of creditors in this case was scheduled for June 16, 2014 at 10:00 a.m., but the Debtor failed to appear.  See Martin Decl., ¶ 11. The Debtor's failure to appear at the Section 341 meeting is cause for the dismissal of the Debtor's case.  11 U.S.C. § 1112 (b)(4)(G).

Section 1116(2) of the Bankruptcy Code requires the debtor to attend, through its senior management personnel and counsel, meetings scheduled by the court or the United States Trustee, including an IDI.  In this case, the United States Trustee sent a letter notifying the Debtor of its obligation to attend the IDI scheduled by the United States Trustee for June 11, 2014.  The Debtor's failure to attend the IDI is cause for dismissal of the Debtor's case.  See 11. U.S.C. § 1112 (b)(4)(H); Martin Decl., ¶10.

### B. There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.

Under Section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).  See also In re Gateway Access Solutions, Inc., 374 B.R. 556, 561 (Bankr. M. D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under Section 1112(b)(2)).

Section 1112(b)(2) provides that:

>   (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
>   (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>   (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>>    (I) for which there exists a reasonable justification for the act or omission; and
>>
>>    (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that conversion of the case to chapter 7 is not in the best interests of the creditors and the estate. While 37 Avenue Realty and the Receiver are seeking to limit exclusivity and have filed in draft form a proposed plan, confirmation cannot proceed without a functioning debtor to act as a fiduciary. Accordingly, there is little likelihood that a plan can be confirmed within a reasonable time and there is no reasonable justification for the Debtor's breach of its fiduciary duties as a debtor in possession.

### C. Receiver's Attempt to Act as a Responsible Person or Authorized Representative of the Debtor Is Improper in a Chapter 11 Case.

In an effort to allow the Debtor to remain in chapter 11 despite the unresponsiveness of current management, the Receiver, with the assistance of 37 Avenue Realty, has acted, in essence, as a responsible person or authorized representative of the Debtor in preparing and filing bankruptcy Schedules, Statement of Financial Affairs and a motion for a bar date in this

case. In doing so, the Receiver and 37 Avenue Realty are attempting to circumvent Section 1104(a) of the Bankruptcy Code by having the Receiver, who is not a fiduciary of the Debtor or the estate, act on the Debtor's behalf in this case. These actions, which are tantamount to supplanting management for the purpose of pursuing this voluntary chapter 11 bankruptcy case, are not authorized by the Bankruptcy Code. Congress has established only one remedy that can supplant management while allowing the case to remain in chapter 11 – the appointment of a trustee pursuant to 11 U.S.C. § 1104(a). See, e.g., In re 1031 Tax Group, LLC, 2007 WL 2085384 at * 3 fn. 4 (Bankr. S.D.N.Y. , July 17, 2007) ("Sections 105(a) and 1107(a) may empower a bankruptcy court to prevent a debtor from removing a manager, officer or director, but they do not provide the Court with an independent power of appointment."); (In re Adelphia Comm. Corp., 336 B.R. 610, 668 (Bankr. S.D.N.Y. 2006) (A request for the appointment of an "independent fiduciary" "that is in substance if not name a trustee, and represents a back-door means of circumventing the statutory requirements, and case law, applicable to the appointment of trustees under section 1104 . . . . is not the type of relief that, in this Court's view, it should exercise its discretion to grant."); In re Suncruz Casinos, LLC, 298 B.R. 821, 832 (Bankr. S.D. Fla. 2003) ("[T]he Committee recommends that the Court appoint a "responsible Person" in lieu of a trustee, in the event the Court determines that Debtors' management should be replaced. . . . The Bankruptcy Code expressly provides for appointment of a trustee when a debtor's management is replaced. The Code does not contemplate appointment of a 'responsible Person' to perform the duties of a trustee."); In re National Century Financial Enterprises, Inc., 292 B.R. 850 (Bankr. S.D. Ohio 2003) (Court rejected request to vest crisis manager with exclusive rights and powers of a debtor in possession); In re Freedlander, Inc., The Mortg. People, 86 B.R. 66, 68 (Bankr. E.D. Va. 1988) (adoption of "responsible person" rationale would enable every debtor to

defeat a trustee motion by nominating its own successor; this result is not contemplated by the Bankruptcy Code).

In addition, Collier On Bankruptcy has addressed this issue stating that

> It is really unnecessary to misinterpret the Code and look for ways to circumvent its provisions. In an appropriate case, section 1104 can be utilized to provide the proper persons to run the business and assist in the reorganization. When a court finds that management should be replaced, that should be sufficient cause under section 1104(a)(1) to order the appointment of a trustee.

7 Collier On Bankruptcy ¶ 1104.03[6][a], at 1104-50 (15th Ed. Rev.) (footnotes omitted) (emphasis added).

Because § 1104(a) expressly and specifically sets forth a mechanism for the appointment of an independent fiduciary to replace management of a debtor in possession, debtors, creditors and bankruptcy courts cannot ignore this provision by writing alternative remedies into the Code, such as employing the Receiver to act as a responsible person or authorized representative of the Debtor who would act as a quasi-trustee. The court must be faithful to the plain meaning of the Bankruptcy Code's provisions, as drafted by Congress, and read them narrowly. See, e.g., Lamie v. United States Trustee, 540 U.S. 526, 533 (204) (strictly interpreting 11 U.S.C. § 330(a)(1)). There is no "quasi-trustee" provision in the Code, and Congress has provided for no such entity. Any such alternative remedy would nullify the mandatory nature of trustee appointments as expressed in § 1104(a). See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 402 (1977).

Conversion of the case to chapter 7 -- is the primary relief sought in this Motion, would result in the appointment of a chapter 7 trustee, who, just as a chapter 11 trustee, would act as an independent fiduciary. A chapter 7 trustee would be responsible for, among other things, investigating the financial affairs of the Debtor, identifying and liquidating assets of the estate

and distributing funds to creditors.

On the basis of the foregoing, the Court cannot rely upon any filed document signed by the Receiver on behalf of the Debtor. The Receiver is not a responsible person or agent of the Debtor authorized to act on its behalf in this case. Thus, the bankruptcy Schedules and the Statement of Financial Affairs signed by the Receiver cannot be accepted as the Debtor's documents.

**D.        Conversion is in the Best Interests of Creditors and the Estate.**

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b). See also In re Gonic Realty Trust, 909 F.2d 624, 626-676 (1st Cir.1990) (the Bankruptcy Court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be converted to chapter 7 rather than dismissed. 37 Avenue Realty has represented that there is significant equity in the Property that could provide for a recovery to general unsecured creditors. A chapter 7 trustee, who would have a fiduciary obligation to the Debtor and the estate, would be in a position to investigate the Debtor's financial affairs, sell the Property and make an appropriate distribution to creditors. The United States Trustee, therefore, recommends conversion of this case to chapter 7 rather than dismissal.

## IV.
## NOTICE

The United States Trustee has served the Notice of Motion and this Memorandum of Law upon the Debtor, the Receiver and any parties who have filed Notices of Appearance in the case. Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient

notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V.
## **CONCLUSION**

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and converting this chapter 11 case to chapter 7, or in the alternative, dismissing this case, and granting such other and further relief as is just and proper.

Dated: New York, New York
      July 30, 2014　　　　　　　　　　Respectfully submitted,

                                     WILLIAM K. HARRINGTON
                                     UNITED STATES TRUSTEE FOR REGION 2

                                     By: */s/ Marylou Martin*

                                     201 Varick Street, Suite 1006
                                     New York, New York 10014
                                     Tel. No. (212) 510-0500
                                     Fax No. (212) 668-2255