KLESTADT & WINTERS, LLP          Hearing Date: December 17, 2014
Tracy L. Klestadt                Hearing Time: 11:30 a.m.
Stephanie Tumbiolo
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel:  (212) 972-3000
Fax:  (212) 972-2245

*Attorneys for 37 Avenue Realty Associates LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GOLDEN LAND LLC, | : | Case No. 14-42315-(nhl) |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

## MOTION FOR AN ORDER PURSUANT TO
## 11 U.S.C. § 1104 APPOINTING A CHAPTER 11 TRUSTEE

**TO: THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

The motion of 37 AVENUE REALTY ASSOCIATES LLC ("37 Avenue"), by its

undersigned counsel seeking an order pursuant to 11 U.S.C. §1104 appointing a Chapter

11 trustee, respectfully sets forth and alleges as follows:

### PRELIMINARY STATEMENT

It is necessary to appoint a Chapter 11 trustee in this case because debtor Golden

Land LLC ("Debtor" or "Golden Land"), to the detriment of the interests of 37 Avenue,

other creditors, and other interests of the estate, has recently manifested an intent to

repudiate, frustrate or sabotage the proposed Chapter 11 plan which provides, inter alia,

for the auction and sale or refinance of the sole asset of this case by December 16, 2014.

## <u>FACTUAL AND PROCEDURAL BACKGOUND</u>

1.      On May 8, 2014 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code").

2.      This is a single asset real estate case, although incorrectly not designated as such in the petition filed herein. The Receiver, appointed in connection with a certain mortgage foreclosure action in the Supreme Court of the State of New York, County of Queens (the "Foreclosure Action"), has been in possession of the subject premises (commercial investment property, consisting of four commercial condominium units, twenty-nine parking spaces, and eleven residential condominium units contained in the building known as the American-Chinese Tower Condominium and located at 142-21/27 37th Avenue, Queens, New York) (the "Premises") continuously for one year prior to the commencement of this case, effectively operating and maintaining the same on behalf of 37 Avenue (the "Receivership"). 37 Avenue is the holder of certain security instruments (mortgages, assignments of rents and profits) against the Premises, and is the plaintiff in the Foreclosure Action and the principal creditor of the estate. Pursuant to a judgment of foreclosure and sale entered in the Foreclosure Action (the "State Court Judgment") the Premises would have been sold at public auction on May 9, 2014, had the Petition not been filed on May 8, 2014.

3.      Prior to the initiation of the Receivership, the Debtor had been in possession of the Premises, collecting the rents and profits from the Premises. Despite doing so, however, the Debtor's manager(s) grossly mismanaged its affairs and failed to use those funds to pay its mortgage, real estate taxes, and water/sewer bills, to maintain a

hazard insurance policy for the Premises, or to otherwise maintain the value and integrity of the Premises.

4.     Because of the Debtor's history of neglect and mismanagement of the Premises and the Receiver's well established history of effective management, operation and preservation of the Premises during the tenure of his Receivership, upon motion of 37 Avenue (the "Receiver Retention Motion") and after hearing on July 9, 2014, this Court entered an order [EFC Docket No. 17] pursuant to 11 U.S.C. § 543(d)(1) excusing the Receiver from compliance with the turnover requirements of subsections (a), (b) and (c) of 11 U.S.C. § 54 and directing that the Receiver remain in possession and control of the Premises pending further order of the Court. The Court also enlarged the scope of the receivership for the benefit of all of the Debtor's creditors. The Debtor did not appear on June 26, 2014 for the hearing on the Receiver Retention Motion, nor did it appear on June 13, 2014 for the initial creditor's meeting.

5.     Thereafter, the Debtor continued to take no steps to advance its case; in addition to failing to appear for the above stated proceedings, it failed to file certain required schedules and statements regarding its financial affairs. Accordingly, on or about July 21, 2014, in an effort to move this case forward, 37 Avenue and the Receiver filed a joint motion for an order fixing a deadline and establishing procedures for filing proofs of claim (the "Bar Date Motion") and a joint motion for an order terminating the Debtor's exclusive period to file a plan of reorganization (the "Exclusivity Motion"). The Bar Date Motion and the Exclusivity Motion were scheduled to be heard on August 7, 2014. A status conference was also scheduled for that date.

6.      Shortly after the making of the Bar Date Motion and the Exclusivity Motion, the Debtor emerged in this case, seeking permission to retain DelBello Donnellan Weingarten Wise & Wiederkehr, LLP ("Debtor's Counsel") as its legal counsel.

7.      On August 7, 2014, at the status conference and hearing of the Exclusivity Motion, the Debtor displayed an interest in assuming responsibility for the filing and administration of a plan and for otherwise effectively moving this case forward. The Debtor, by and through Debtor's Counsel, agreed to file a plan and move this case forward according to an agreed upon fixed schedule. In reliance on that agreement, 37 Avenue settled the issues presented in its Exclusivity Motion and the Debtor was given additional time to file a proposed plan. It was expressly agreed that the Debtor would forthwith prepare and file a proposed plan which would require, inter alia, a refinancing or sale of the premises by December 16, 2014.

8.      On September 30, 2014, the Debtor filed a proposed plan [ECF Docket No. 33].[1] On October 8, 2014, the Debtor filed a first amended plan and a first amended disclosure statement [ECF Docket Nos. 34 and 35].

9.      On November 5, 2014, the respective parties appeared before this Court for a status conference and a hearing on the approval of the amended disclosure statement. The amended disclosure statement was conditionally approved by the Court, subject only to the Debtor's making certain minor revisions, as outlined by the Court. At the hearing, Debtor's Counsel represented that those changes would be made forthwith. In addition, in contemplation and preparation for the December 16, 2014 auction date set

---

[1] The plan was docketed as a disclosure statement, but only the plan was filed.

forth in the proposed plan, the Debtor agreed to promptly retain an auctioneer so that the auctioneer could begin marketing efforts sufficiently in advance of the sale date in order to maximize the effectiveness of its marketing campaign.

10.    Based upon its notable reputation for effectively marketing properties of this nature, it was proposed that The Besen Group, 381 Park Avenue South, 15th Floor, New York, NY 10016, be retained as auctioneer, and a Standard Exclusive Real Estate Auction Agreement, New York State - Commercial was provided to Debtor's Counsel, to be signed by Debtor.

11.    Since the conditional approval of the disclosure statement on November 5, 2014, 37 Avenue has contacted Debtor's Counsel on numerous occasions to ascertain the status of the minor revisions which were required to be made to the disclosure statement and to confirm that the Debtor retained an auctioneer. In response, Debtor's Counsel repeatedly assured 37 Avenue that these matters were being addressed. See Klestadt Declaration, ¶ 3. However, it has become evident that the Debtor does not have any intention of going forward with retaining an auctioneer or prosecuting the plan as previously agreed, necessitating the filing of this motion to appoint a Chapter 11 trustee. See Klestadt Declaration, ¶ ¶ 3, 4.

## ARGUMENT

A. It is in the Interests of Creditors, Equity Holders and Other Interests
of the Estate that the Court Appoint a Chapter 11 Trustee

12.    Section 1104(a)(1) and (2) of the Bankruptcy Code provides:

**(a)** At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee —

(**1**) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(**2**) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

13.    In the Second Circuit, under Section 1104(a)(1), the movant has the burden of showing by clear and convincing evidence that the appointment of a trustee is warranted for cause. *In re Bayou Group, LLC*, 564 F.3d 541, 546 (2d Cir. 2009). Once the court has found that cause exists, it has no discretion but must appoint a trustee. *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989). The list of wrongs constituting "cause" is non-exclusive and includes: conflicts of interest…; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), aff'd in part, vacated in part, 254 B.R. 509 (D. Conn. 2000). "Dishonesty means lack of honesty, probity, or integrity in principle; lack of fairness and straightforwardness; disposition to defraud, deceive, or betray." *In re Ridgemour Meyer Props.*, LLC, 413 B.R. 101, 108 (Bankr. S.D.N.Y. 2008).

14.    Section 1104(a)(2), on the other hand, does not require a finding of fault; the court may appoint a trustee "in the interests of creditors," even if no cause exists. *Id.* at 428 (citing *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir.1998). In determining whether appointment of a trustee is in the interests of creditors, courts "look to the practical realities and necessities" of the case. *In re Euro-*

*Am. Lodging Corp.*, 365 B.R. at 427 (citing In re Ionosphere Clubs, Inc., 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990). The standard is a flexible one affording the Court a "great deal of judicial discretion." *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. at 527 n.11.

15.     Here, both standards are satisfied. The Debtor has grossly mismanaged its affairs by failing to use collected rents and profits from the Premises to pay its mortgage, real estate taxes and water/sewer bills, to maintain a hazard insurance policy for the Premises, or to otherwise maintain the value and integrity of the Premises for the benefit of creditors. *In re Euro-Am. Lodging Corp.*, 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007) (finding a debtor's chronic failure to pay taxes constitutes gross mismanagement warranting appointment of a trustee for cause). The Debtor has also been dishonest, resulting in a lack of credibility and creditor confidence. Despite the Debtor's agreement to do so, as set forth in the Debtor's plan and disclosure statement, in an attempt to stall the sale of the Premises and satisfaction of its debts, the Debtor has refused to sign an agreement with an auctioneer and has apparently directed its legal counsel not to comply with its obligation to file the modifications to the disclosure statement this Court directed it to make on November 5, 2014, almost three weeks ago. These actions constitute dishonesty toward not only 37 Avenue, but to all creditors of the Debtor's estate and to the Court.

16.     In addition to evincing a manifest and contumacious disregard for the orderly process and procedure of this Court, the Debtor's purposeful failure to move forward with the proposed auction and sale or refinance of the sole asset of this case is clearly detrimental to the interests of 37 Avenue and the other creditors of the Debtor. As acknowledged by the Debtor in its disclosure statement and proposed plan, as of the

Petition Date, the amount of 37 Avenue's secured claim is $13,368,147, plus accrued per diem interest at 9% per annum from and after the Petition Date until paid, plus costs and reasonable attorney's fees. Hence, 37 Avenue's secured claim increases by no less than $3,342 per day. While based upon the estimated fair market value of the Premises ($15,250,000) and cash collateral belonging to 37 Avenue in the hands of the Receiver, 37 Avenue is currently still fully secured, the delay in liquidating its secured claim caused by the Debtor's dilatory conduct is needlessly and seriously eroding its equity cushion, to the detriment of all interested parties. Annexed to the Klestadt Declaration as Exhibit "A" is a copy of a relatively recent appraisal setting forth the approximate fair market value of the Premises.

17.    Because the Debtor, despite its representations, has shown that it cannot be trusted to move this case forward in an expeditious manner and in accordance with the proposed amended plan which it filed on October 8, 2014, it is warranted, necessary and in the interest of the creditors that a Chapter 11 trustee be forthwith appointed to complete the plan approval and plan administration process without further delay, including matters relating to advertising, auction and sale of the Premises, execution of a deed conveying the Premises to the successful bidder, and disbursing the sales proceeds in accordance with the plan. The benefits from having the Premises sold in a prompt and efficient manner greatly exceed any additional costs imposed by the appointment of a trustee.

**WHEREFORE**, 37 Avenue respectfully requests that the Court grant this Motion and an order be issued pursuant to 11 U.S.C. §1104 appointing a Chapter 11 trustee, and awarding it such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      November 25, 2014

KLESTADT & WINTERS, LLP


By:   /s/ Tracy Klestadt
       Tracy L. Klestadt
       Stephanie Tumbiolo
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel:  (212) 972-3000
Fax:  (212) 972-2245
*Attorneys for 37 Avenue Realty Associates LLC*